972 So.2d 980 (2007)
Luis Alfredo QUINTANAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1687.
District Court of Appeal of Florida, Third District.
December 26, 2007.
Rehearing Denied January 30, 2008.
Luis Alfredo Quintanal, in proper person.
Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and SALTER, JJ.
COPE, J.
This is an appeal of an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Defendant-Appellant Luis Alfredo Quintanal entered into a plea agreement whereby he agreed to be sentenced to a ten-year mandatory minimum term as a habitual violent offender ("HVO") in Miami-Dade County Circuit Court case number 04-34685 ("the 2004 case"). On June 16, 2006, the trial court approved the plea agreement and imposed the agreed sentence.
In point four of the rule 3.850 motion, the defendant alleges that his trial counsel affirmatively misadvised him that his sentence in the 2004 case would be concurrent with the sentence imposed for what he has described variously as a probation or parole *981 violation. In its response in, the trial court, the State did not file the judgment or sentencing documents in any of the defendant's cases. The trial court denied the defendant's claim, stating that during the June 16, 2006 plea colloquy, the trial court did not make any pronouncement about whether the sentence in the 2004 case would be concurrent or consecutive to any other sentence. This appeal followed.
In its response in the trial court and in this Court, the State maintained that all of the defendant's sentences are concurrent. However, the postconviction record does not contain the judgment and sentencing documents in any of the defendant's cases, and therefore the limited record now before us does not conclusively refute the defendant's claim that his sentences were consecutive. The plea colloquy does not address the defendant's pre-2004 cases, and therefore does not conclusively refute the defendant's claim that he was given affirmative misadvice by his trial counsel that his sentences would be served concurrently. See Fla. R.App. P. 9.141(b)(2)(A), (D).
Furthermore, the State's position in this case is mathematically impossible. The State has invited the court to consult the Department of Corrections website and the Court has done so. The defendant is incarcerated on Miami-Dade County Circuit Court case numbers 94-34710 and 94-34711, as well as the 2004 case mentioned above. The trial court imposed a ten-year mandatory minimum sentence on the defendant on June 16, 2006. Since that is a day-for-day sentence, the defendant's release date on that case would be no later than June 16, 2016 (assuming no credit for time previously served). However, as of December 2, 2007, the Department of Corrections website shows an estimated release date of October 7, 2017more than ten years after the sentence was imposed. The website therefore tends to support, rather than refute, the defendant's claim that his sentences in the 2004 case and case number 94-34711 are consecutive.
We reverse the order now before us in part and remand for further proceedings on point four only. If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts conclusively showing that the defendant is not entitled to any relief. We concur with the trial court in the denial of relief on the defendant's other claims.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.